1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

PAUL CHIGAL,

Plaintiff,

v.

CHARLES DANIEL, *et al*.,

Defendants.

Case No.  3:20-cv-00455-GMN-WGC

**ORDER**

11    On August 7, 2020, this Court issued an order directing Plaintiff to file a fully

12  complete application to proceed *in forma pauperis* or pay the full filing fee of $400 on or

13  before October 6, 2020.  (ECF No. 3 at 2).  On September 16, 2020, Plaintiff filed an

14  application to proceed *in formal pauperis*.  (ECF No. 4).  Plaintiff's application at ECF No.

15  4 is incomplete, as it does not include the required Financial Certificate.  The October 6,

16  2020 deadline has now expired, and Plaintiff has not filed a fully complete application to

17  proceed *in forma pauperis* or paid the full $400 filing fee.

18    District courts have the inherent power to control their dockets and "[i]n the

19  exercise of that power, they may impose sanctions including, where appropriate . . .

20  dismissal" of a case.  *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831

21  (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure

22  to prosecute an action, failure to obey a court order, or failure to comply with local rules.

23  *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (affirming dismissal for

24  noncompliance with local rule);  *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir.

25  1992)  (affirming dismissal for failure to comply with an order requiring amendment of

26  complaint);  *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal

27  for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of

28  address);  *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (affirming

1   dismissal for failure to comply with court order);  *Henderson v. Duncan*, 779 F.2d 1421,

2   1424 (9th Cir. 1986) (affirming dismissal for lack of prosecution and failure to comply with

3   local rules).

4          In determining whether to dismiss an action for lack of prosecution, failure to obey

5   a court order, or failure to comply with local rules, the court must consider several factors:

6   (1) the public's interest in expeditious resolution of litigation; (2) the court's need to

7   manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

8   disposition of cases on their merits; and (5) the availability of less drastic alternatives.

9   *See Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at

10  130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

11         Here, the Court finds that the first two factors, the public's interest in expeditiously

12  resolving this litigation and the Court's interest in managing the docket, weigh in favor of

13  dismissal.  The third factor, risk of prejudice to Defendants, also weighs in favor of

14  dismissal, since a presumption of injury arises from the occurrence of unreasonable delay

15  in filing a pleading ordered by the court or prosecuting an action.  *See Anderson v. Air*

16  *West*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor—public policy favoring

17  disposition of cases on their merits—is greatly outweighed by the factors in favor of

18  dismissal discussed herein.  Finally, a court's warning to a party that his failure to obey

19  the court's order will result in dismissal satisfies the "consideration of alternatives"

20  requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779

21  F.2d at 1424.

22         The Court's order requiring Plaintiff to file a fully complete application to proceed

23  *in forma pauperis* or pay the full filing fee on or before October 6, 2020 expressly stated:

24  "IT IS FURTHER ORDERED that if Plaintiff does not file a fully complete application to

25  proceed *in forma pauperis* with all three documents or pay the full $400 filing fee for a

26  civil action on or before October 6, 2020, the Court will dismiss this action without

27  prejudice for Plaintiff to refile the case with the Court, under a new case number, when

28  Plaintiff has all three documents needed to file a complete application to proceed *in forma*

1  *pauperis* or pays the full $400 filing fee." (ECF No. 3 at 3).  Thus, Plaintiff had adequate
2  warning that dismissal would result from his noncompliance with the Court's order to file
3  a fully complete application to proceed *in forma pauperis* or pay the full filing fee on or
4  before October 6, 2020.

5      IT IS THEREFORE ORDERED that this action is dismissed without prejudice
6  based on Plaintiff's failure to file a fully complete application to proceed *in forma pauperis*
7  or pay the full $400 filing fee in compliance with this Court's order dated August 7, 2020.

8      IT IS FURTHER ORDERED that the Plaintiff's incomplete application to proceed
9  *in forma pauperis* (ECF No. 4) is denied as moot.

10     IT IS FURTHER ORDERED that the Clerk of Court shall enter judgment
11  accordingly and close this case.  No additional documents will be filed in this now closed
12  case.

13  DATED:  October 17, 2020

15  _____
    UNITED STATES DISTRICT JUDGE

- 3 -